IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL R. LAWRENCE, #A1011009, | ) ) ) | CIVIL NO. 11-00020 SOM-KSC |
|---|---|---|
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT |
| vs. | ) ) | |
| KANEOHE STATE HOSPITAL, | ) ) | |
| Defendant. | ) ) | |

## ORDER DISMISSING COMPLAINT

On January 12, 2011, *pro se* plaintiff Michael R. Lawrence, a pre-trial detainee housed at the Halawa Correctional Facility ("HCF"), filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983, and *in forma pauperis* ("IFP") application. Lawrence names the Hawaii State Hospital as the sole defendant to this suit.[1] The court has granted Lawrence's IFP application and now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). The Complaint is DISMISSED as detailed below, for Lawrence's failure to name a proper defendant and to otherwise state a claim. Lawrence is granted leave to amend the Complaint if possible to cure its deficiencies.

---

[1] Lawrence identifies Defendant as "Kaneohe State Hospital." Although located in Kaneohe, Oahu, the hospital's proper name is the Hawaii State Hospital and the court refers to it as such.

## I. LEGAL STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2). If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II. THE COMPLAINT'S ALLEGATIONS

Lawrence presents two claims. In Count I, Lawrence states that "[a]fter assaulting a doctor I was put in restraints (ankle & [waist]) restraints for 1 yr. + 3 months for 1 hour and 35 minutes a day during that time." Doc. 1, Compl. at 5. In Count II, Lawrence alleges that unidentified doctors at the Hawaii State Hospital and a "Dr. Ona" at The Queen's Medical Center told him that he would receive up to twelve shock treatments, gave him a pamphlet explaining this, but ultimately gave him fifteen shock treatments. *Id.* at 6. Lawrence alleges

2

that this treatment constituted cruel and unusual punishment in violation of the Eighth Amendment.

### III. <u>Discussion</u>

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A. Improper Defendant**

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

The Hawaii State Hospital, like any other governmental agency, is not a "person" that can be sued under 42 U.S.C. § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *see also, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1992) (finding that a prison's medical department is not a "person"

3

within the meaning of § 1983); *O'Haire v. Napa State Hosp.*, No. C 07-0002, *slip copy*, 2009 WL 2447752 *1 (N.D. Cal. 2009) (finding California Dep't of Health and Napa State Hospital are not persons under § 1983); *Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006); *Mayo v. Briody*, 2006 WL 822005, at *6 (M.D. Fla. Mar. 27, 2006).

Even if the court could construe the Hawaii State Hospital as a local governmental unit susceptible to liability under § 1983, Lawrence fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). Lawrence has not stated a claim under § 1983 against the Hawaii State Hospital with respect to medical treatment.

**B.  Count I States a Claim But Fails to Link Any Defendant to the Challenged Actions**

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Lawrence sufficiently

alleges a violation of the Eighth Amendment in Count I.  Section 1983, however, requires that there be an actual connection or link between the actions of a defendant and the deprivation alleged to have been suffered by a plaintiff.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362(1976).  Lawrence fails to name any *individual* who is responsible for ordering him to be placed in restraints for a year and three months, for an hour and a half per day, with deliberate indifference to his health and safety.  He also fails to provide sufficient facts concerning this allegation to notify any particular defendant that he has violated Lawrence's constitutional rights.  Lawrence must amend this claim to link a particular defendant or defendants to his allegation.

**C. Count II Fails to State a Claim**

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Deliberate indifference may include a prison doctor's inadequate response to a prisoner's medical needs, "prison guards intentionally denying or delaying access to medical care, or intentionally interfering with the treatment once prescribed." *Id.* at 104-105.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997)(*en banc*). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Lawrence alleges that his doctors initially told him he would receive twelve shock treatments, but subsequently gave him fifteen treatments. Nothing in Lawrence's allegations supports a finding of the wanton infliction of pain and suffering with deliberate indifference to Lawrence's health and safety, rather than a medically necessary change in a treatment plan. Lawrence

disagrees with the amended treatment he received from his doctors. A prisoner's disagreement with diagnosis or treatment does not, standing alone, support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Count II is insufficient to support an Eighth Amendment medical care claim. Count II is DISMISSED with leave granted to amend.

**D. Doe Defendant**

Lawrence refers to "John Doe" in the body of the Complaint but fails to name any Doe defendants in the Complaint's caption. Under Rule 10 of the Federal Rules of Civil Procedure, this is insufficient. *See* Fed. R. Civ. P. 10(a) (requiring all parties to be named in caption of complaint). Further, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, when the identity of alleged defendants is not known prior to filing the complaint, a plaintiff should be given an opportunity to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642); *see also Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005) (although complaint was subject to dismissal because plaintiff

failed to identify a defendant for service of complaint, court permitted plaintiff to later amend his complaint to name a defendant for service and discovery). Lawrence is granted **thirty days** to file a proposed amended complaint as detailed below.

**E.   Leave to Amend**

The Complaint is DISMISSED for failure to state a claim. Lawrence is granted leave to file a proposed amended complaint on or before February 23, 2011. The proposed amended complaint must (1) name at least one Doe Defendant in its caption and facts showing that defendant's involvement in Lawrence's allegations; (2) be accompanied by an explanation of what Lawrence has done to try to learn the Doe Defendants' names, and why he has been unsuccessful; and (3) cure the deficiencies noted above, specifically demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in any amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

Cir. 1967). In an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. If the proposed amended complaint complies with each of these instructions, it will be docketed and, if necessary, the court can order early discovery to allow Lawrence to determine any Doe defendant's name, so that the pleading can be served. Failure to timely submit a proposed amended complaint by February 23, 2011, will result in AUTOMATIC DISMISSAL of this action for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

**F.  28 U.S.C. § 1915(g)**

Lawrence is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If Lawrence is unable to amend the Complaint to cure the deficiencies enumerated in this Order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

**IV.  <u>CONCLUSION</u>**

IT IS HEREBY ORDERED that:

(1)  The Complaint is DISMISSED for failure to state a

9

claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Lawrence is GRANTED until February 23, 2011 in which to file a proposed amended complaint that cures the deficiencies and complies with the instructions above.

(3) If the proposed amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

(4) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Lawrence so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 25, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Lawrence v. Kaneohe State Hospital, Civ. No. 11-00020 SOM-KSC; psas/Screening\dmp\
2011\Lawrence 11-20 SOM (imp. defs; lv amd name Does)