IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL R. LAWRENCE, #A1011009, | ) ) | CIV. NO. 11-00020 SOM-KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | ) ) | |
| KANEOHE STATE HOSPITAL, | ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of this court's March 9, 2011, order denying his request for appointment of counsel. [Doc. 10.] Plaintiff states that he is mentally disabled, is taking numerous medications for his mental illness, and requires counsel to assist him with legal research. Plaintiff's Motion for Reconsideration is DENIED.

### I. LEGAL STANDARD

A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157

F.3d 1169, 1178-79 (9th Cir. 1998)). Local Rule 60.1 for the District of Hawaii implements these same standards for reconsideration of interlocutory orders.

## II. **DISCUSSION**

Plaintiff's original complaint was dismissed for his failure to name a proper defendant and otherwise state a claim. [*See* Doc. 5, Order Dismissing Complaint.] The court informed Plaintiff that, although his allegations in Count I stated a claim,[1] the "Kaneohe State Hospital" was not amenable to suit under 42 U.S.C. § 1983, and he had failed to name any other defendant allegedly responsible for his claims. Plaintiff was given leave to conduct early discovery to name a proper defendant and amend the complaint accordingly. Plaintiff has since been granted two extensions of time to file an amended complaint. [*See* Docs. 8 & 10.]

Plaintiff seeks reconsideration of the order denying appointment of counsel, alleging that he is mentally ill, requires medication to function, and cannot conduct legal research because his scheduled time in the prison law library is inadequate because he is in the special holding unit ("SHU"). Plaintiff admits that he is allowed law library privileges, but claims that the prison law library contains no legal materials or

---

[1] Plaintiff alleges that he was kept shackled in ankle and waist restraints for sixteen months, but fails to identify where and when this occurred. [*See* Doc. 1, Compl. at 5.]

2

books and he is unable to obtain a copy of the Hawaii Administrative Rules ("HAR") § 11-175, to support his claims.[2] Plaintiff alleges that his right of access to the courts is therefore being violated.

These factors do not convince the court to reconsider the denial of appointment of counsel. Plaintiff is taking medication to control his mental illness and is clearly able to articulate his claims and communicate with the court, notwithstanding his mental illness or SHU housing. To amend his complaint, Plaintiff need only clarify when and where the allegations in Count I occurred, and who is responsible. If these acts took place while Plaintiff was in the Hawaii State Hospital, Plaintiff can proceed with early discovery against the Hawaii Department of Health to determine who at the Hawaii State Hospital is allegedly responsible for his claims. If these allegations took place while Plaintiff was in prison, either before or after he was committed to the Hawaii State Hospital, Plaintiff may conduct discovery to identify which prison officials are allegedly responsible. If Plaintiff cannot determine who is responsible before the deadline to amend his complaint expires, he can name a Doe Defendant *in the amended complaint's caption*, detailing within the amended complaint the

---

[2] The court has attached a copy of HAR § 11-175 to this order as a courtesy to Plaintiff.

unidentified defendant's acts or omissions that violated Plaintiff's rights, and conduct limited discovery thereafter to determine the responsible party or parties. Plaintiff may later move to name the unidentified defendants so that the amended complaint can be served, providing he complies with the Federal Rules of Civil Procedure. Plaintiff does not require an attorney to amend his complaint and provide these details.

Plaintiff provides no intervening change in controlling law, newly discovered, previously unobtainable and compelling evidence, or the need to correct clear error or prevent manifest injustice convincing this court to reconsider its decision to deny appointment of counsel. The Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 29, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Lawrence v. Kaneohe State Hosp.*, Civ. No. 11-00020 SOM-KSC; Order Denying Motion for Reconsideration; psas/recon/dmp/2011/Lawrence 11-20 SOM (apptcoun)