IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MICHAEL R. LAWRENCE,           )      CIVIL NO. 11-00020 SOM-KSC
#A1011009,                     )
                               )
        Plaintiff,             )      ORDER DISMISSING FIRST AMENDED
                               )      COMPLAINT IN PART AND
        vs.                    )      DIRECTING SERVICE
                               )
KANEOHE STATE HOSPITAL,        )
                               )
        Defendant.             )
_____)

## ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART
## AND DIRECTING SERVICE

Before the court is *pro se* plaintiff Michael R.

Lawrence's First Amended Complaint brought pursuant to 42 U.S.C.

§ 1983.  Lawrence names the Hawaii State Hospital in the caption

of the FAC, and, in its body, lists Hawaii State Hospital

employees--Administrator Mark Fridorich, Ph.D., Treating

Psychiatrist Dr. Ernest Alaimalo, and Housing Unit Manager

Michael Quenn--as Defendants.  The court has screened the FAC

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), and

DISMISSES it in part, as detailed below.

Service of the summons and First Amended Complaint is

appropriate for Defendants Fridorich, Alaimalo, and Quenn. The

court ORDERS the United States Marshal to serve the First Amended

Complaint and summons on Lawrence's behalf.  *See* Fed. R. Civ. P.

4(c)(3).  Lawrence is DIRECTED to effect service on Defendants

Fridorich, Alaimalo, and Quenn by mailing the fully completed

service documents to the United States Marshal, as set forth below.

Defendants Fridorich, Alaimalo, and Quenn are ORDERED to file an Answer or other responsive pleading to the First Amended Complaint (hereinafter, "FAC") within the time allowed under Fed. R. Civ. P. 12(a).

## I.   **LEGAL STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2).  If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II.   **PLAINTIFF'S ALLEGATIONS**

The FAC presents the same two claims Lawrence set forth in the original Complaint.  In Count I, Lawrence states that he was kept in ankle and waist restraints for twenty-three and a

half hours per day for fifteen months.[1]  Doc. 13, FAC at 5.

Lawrence does not identify which Defendant was personally

involved in either the decision to keep him in restraints or for

actually restraining him.  Lawrence alleges that this treatment

violated the Eighth Amendment's proscription against cruel and

unusual punishment.[2]

     In Count II, Lawrence alleges that he was told that he

would receive up to twelve shock therapy treatments but actually

received fifteen.  Lawrence says these treatments were painful,

and that, because he is no longer receiving the shock therapy his

"state of well being is good [and] he [doesn't] need mental

care," but he feels afraid and at times will not speak.  FAC at

6.  Lawrence alleges that the treatments constituted cruel and

unusual punishment in violation of the Eighth Amendment.  He does

not identify which Defendant told him he needed the shock therapy

or which defendant authorized the change in treatment.

---

    [1] Lawrence does not specify where this occurred, but the court assumes this allegedly occurred while he was at the Hawaii State Hospital.

    [2] On December 17, 2010, Lawrence was convicted by jury trial in the First Circuit Court, State of Hawaii, of Assault in the Second Degree in violation of Haw. Rev. Stat. § 707-0711/1A.  *See* Hawai'i State Judiciary's Public Access to Court Information, at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. It therefore appears that the Fourteenth Amendment applies to his claims regarding his treatment before he was convicted, rather than the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 534-35 (1979); *Hydrick v. Hunter,* 500 F.3d 978, 994 (9th Cir. 2007) ("[T]he Eighth Amendment provides too little protection for those whom the state cannot punish.").

## III. Discussion

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A.   The Hawaii State Hospital is Dismised

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

As explained in the January 25, 2011, Order Dismissing Complaint, the Hawaii State Hospital, like any other governmental agency, is not a "person" that can be sued under 42 U.S.C. § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *see also, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1992) (finding that a prison's medical department is not a "person" within the meaning of § 1983); *O'Haire v. Napa State Hosp.*, No. C

07-0002, *slip copy*, 2009 WL 2447752 *1 (N.D. Cal. 2009) (finding California Dep't of Health and Napa State Hospital are not persons under § 1983); *Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, at *3 n.1 (E.D. Tenn. June 5, 2006); *Mayo v. Briody*, 2006 WL 822005, at *6 (M.D. Fla. Mar. 27, 2006).

Lawrence was told that, before the Hawaii State Hospital could be held liable under § 1983 as a local governmental unit, he had to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). Lawrence fails to allege that there was any deliberate policy, practice, or procedure at the Hawaii State Hospital that was the moving force behind his allegations of constitutional violations. Because Lawrence again fails to state a claim against the Hawaii State Hospital, it is DISMISSED.

**B. Count I States a Claim But Again Fails to Link Any Defendant to the Challenged Actions**

The Eighth Amendment prohibits convicted prisoners from cruel and unusual punishment by the government. U.S. Const. amend. VIII. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from punishment prior to an adjudication of guilt in accordance with due process of law. *Bell*, 441 U.S. at 534-35. The "more protective" Fourteenth Amendment standard applies to conditions of confinement for pretrial detainees and requires the government to do more than provide minimal necessities. *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004); *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003) ("[E]ven though the pretrial detainees' rights arise under the Due Process Clause, the guarantees of the Eighth Amendment provide a minimum standard of care for determining their rights. . . .").

Lawrence sufficiently alleges a constitutional violation in Count I. He fails again, however, to name any *individual* who is responsible for having ordered him to be placed in restraints for a year and three months, for an hour and a half per day, with deliberate indifference to his health and safety. Section 1983 requires that there be an actual connection or link between the actions of a defendant and the deprivation alleged to have been suffered by a plaintiff. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362(1976).

6

Because the court is dismissing Count II, *see infra*, and leaving

Count I as the only remaining claim, the court will liberally

construe his claims in Count I as directed at all three named

Defendants, and order service of the FAC on them.  Defendants

may, of course, dispute this during adversarial proceedings after

the FAC is served.

## C.    Count II Fails to State a Claim

The Supreme Court has held that "deliberate

indifference to serious medical needs of prisoners constitutes

the unnecessary and wanton infliction of pain[.]"  *Estelle v.

Gamble*, 429 U.S. 97, 104 (1976).  Deliberate indifference may

include a prison doctor's inadequate response to a prisoner's

medical needs, or "prison guards intentionally denying or

delaying access to medical care, or intentionally interfering

with the treatment once prescribed."  *Id.* at 104-105.

"[A] complaint that a physician has been negligent in

diagnosing or treating a medical condition does not state a valid

claim of medical mistreatment under the Eighth Amendment.

Medical malpractice does not become a constitutional violation

merely because the victim is a prisoner."  *Estelle*, 429 U.S. at

106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th

Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir.

1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*,

104 F.3d 1133, 1136 (9th Cir.1997)(*en banc*).  Even gross

negligence is insufficient to establish deliberate indifference

to serious medical needs.  *See Wood v. Housewright*, 900 F.2d
1332, 1334 (9th Cir.1990).

Lawrence alleges that he was told that he would receive
twelve shock therapy treatments but received fifteen treatments.
Lawrence provides no further details; he does not detail who told
him he would receive twelve treatments or who authorized the
additional three treatments or why.[3]  Construing the FAC
liberally, and with reference to Lawrence's claims in the
original Complaint, the court assumes that Dr. Ona at The Queen's
Medical Center and Dr. Alaimalo at the Hawaii State Hospital told
him that he would receive twelve treatments, and that Dr.
Alaimalo later authorized the additional three treatments.  This
does not support a finding of the wanton infliction of pain and
suffering with deliberate indifference to Lawrence's health and
safety.  Rather, it appears to be a change in Lawrence's
treatment plan with which Lawrence disagrees.  A prisoner's
disagreement with diagnosis or treatment does not, standing
alone, support a claim of deliberate indifference.  *Sanchez v.
Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Leaving aside
Lawrence's failure to name or connect any individual to his
claims in Count II, the facts that he does allege are still

---

[3] In the original Complaint, Lawrence said that a "Dr. Ona"
at The Queen's Medical Center and unidentified doctors at the
Hawaii State Hospital explained the treatment to him, gave him a
pamphlet about it, and told him there would only be twelve
treatments, but later gave him fifteen treatments.  Doc. 1,
Compl. at 6.

insufficient to support a claim alleging inappropriate medical care with deliberate indifference to his health and safety. Count II is DISMISSED.

## V. CONCLUSION

IT IS HEREBY ORDERED that:

1. The First Amended Complaint is DISMISSED IN PART. Specifically, the Hawaii State Hospital and any claims alleged against it and the claims in Count II are dismissed. **Count I**, states a claim and shall proceed. Service is ordered on **Defendants Mark Fridorich, Ph.D., Dr. Ernest Alaimalo, and Michael Quenn, upon completion of the procedures set forth below**.

2. The Clerk shall send Lawrence a summons, three USM-285 forms, three Notice of Lawsuit and Request for Waiver of Service of Summons forms (AO 398), three Waiver of Service of Summons forms (AO 399), and one copy of the endorsed First Amended Complaint (if a copy of the First Amended Complaint has not already been sent). Lawrence shall complete the forms, make the necessary copies of the summons and complaint, and submit these documents with a copy of this order to the United States Marshals Service in Honolulu, Hawaii, for service on Fridorich, Alaimalo, and Quenn. *See* Fed. R. Civ. P. 4(i).

3. Upon receipt of the above-mentioned documents and a copy of this order, the United States Marshal shall serve process on Defendants as directed by Lawrence, without payment of costs.

The United States Marshal is directed to retain the sealed summons and a copy of the First Amended Complaint in a file for future use.  The United States Marshal shall file returned Waiver of Service of Summons forms as well as any requests for waivers that are returned as undeliverable, **as soon as they are received**. If a Waiver of Service of Summons form is not returned by any Defendant within **sixty** days from the date of mailing the request for waiver, the United States Marshal shall personally serve that Defendant with the above-described documents pursuant to Rule 4 of the Federal Rules of Civil Procedure.

4.   Lawrence shall serve a copy of all further pleadings or documents submitted to the court upon Defendant(s) or their attorney(s).  Lawrence shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to Defendants or their counsel.  Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded. Until Defendants have been served with the First Amended Complaint, and counsel has entered an appearance, Lawrence shall not file any documents, requests, or motions with the court.

5.   Defendant(s) shall file an answer or other responsive pleading to Lawrence's First Amended Complaint within sixty [60] days after the date on which the request for waiver of service was sent (if formal service is waived), or twenty [20] days if

service is not waived. Failure to do so may result in the entry of default judgment.

6. Lawrence shall inform the court of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information about the change of address, and its effective date and shall not include any requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

7. After the First Amended Complaint is served, Lawrence shall serve a copy of all further pleadings or documents submitted to the court upon the Defendant(s) or their attorney(s). Lawrence shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the Defendant(s) or Defendant(s) counsel. Any paper received by a District or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded.

8. Lawrence is NOTIFIED that, until the First Amended Complaint is served and Defendants' attorney files a notice of

appearance, Lawrence may not file any motion with the court,

other than a motion for appointment of counsel.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 25, 2011.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Lawrence v. Kaneohe State Hospital, Civ. No. 11-00020 SOM-KSC; psas/Screening\dmp\
2011\Lawrence 11-20 SOM (dsm FAC in part, dir. svc)